**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

vs. CASE NO. 8:02-CR-508-T-17-MSS

ANDRE T. PAIGE
_________________________________/

**ORDER**

This cause comes before the Court on the defendant's motion for new trial (Docket No. 322) and response thereto (Docket No. 332). The defendant asserts that there was insufficient evidence to support defendant's convictions on Counts 1, 2, 3, and 4 and, further, that the Assistant United States Attorney "gave an improper closing argument when he attacked the defense and the defendant in order to improperly inflame the passions of the jury."

The Court, on a defendant's motion, may vacate any judgment and grant a new trial if the interests of justice require a new trial. Rule 33, Fed.R.Crim.P. The evidence must weigh "so heavily against the verdict that it would be unjust to enter judgment" in order for the Court to grant a motion for new trial." **United States v. Arrington**, 757 F.2d 1484, 1485 (4th Cir. 1985); **United States v. Martinez**, 763 F.2d 1297, 1313 (11th Cir. 1985). The power should be exercised with caution. Martinez, at 1313.

The first issue is the sufficiency of the evidence adduced at trial to support the defendant's being convicted of Counts 1, 2, 3, and 4. The Court has a vivid recollection of the testimony of the trial of Mr. Paige, and, further, has considered the argument of both the defendant and the government on this issue. The Court finds that the evidence adduced at trial does not weigh so heavily against the verdict that it would be unjust to enter judgment. The Court concludes that the verdict in this case was not against the greater weight of the evidence and the interests of justice do not require a new trial.

The next issue raised by the defendant is that the Assistant United States Attorney made personal attacks on the defendant and the defense in general during his rebuttal closing argument such as to warrant granting a new trial.

A prosecutor's remarks may require a new trial or reversal on appeal, where, in the context of the entire trial and in the light of any curative instruction, the misconduct may have prejudiced the substantial rights of the accused and, but for the offending remarks, the defendant would not have been convicted. **United States v. Calderon**, 127 F.3d 1314 (11th Cir. 1997);**United States v. Delgado**, 56 F.3d 1357 (11th Cir. 1995); **United States v. Rodgers**, 981 F.2d 497 (11th Cir 1993).

The defendant takes issue with several statements made in rebuttal closing argument by the government's attorney. (The statements objected to appear in bold letters as supplied by the defendant in his motion).

> And when you go through Christopher Horner's [sic] testimony, and you look at the areas that Mr. Castillo explored asking him, **frankly silly questions**, ... (Transcript p. 4 line 5)
>
> But yet Mr. Castillo stands here, **doesn't apologize for his client's life of crime, but blames everybody for his predicament**... (Transcript P. 6 line 9)
>
> Mr. Castillo **blames me for, as he puts it, playing fast and loose with the rules**. And if it's not already abundantly clear, **let me let you know that I am very proud to stand before you and say, yes**, we got Andre Paige to confess for you twice under oath, twice to five of the ten crimes he is charged with... (Transcript p. 6 line 19)
>
> In fact, **one of the only people he [Castillo] has not blamed for his client's predicament** is Judge Kovachevich ... **He [Castillo] blames his attorney** [Karen Meeks] for allowing him [Paige] to confess.... (Transcript p. 7 line 2-13)
>
> Mr Castillo put a jury instruction in front of you, and, you know, it's as I had predicted, **I told you I'd love to see what he's [Castillo] going to do because he just can't bring himself to get up there and admit that his client committed those armed robberies**... (Transcript p. 8 line 4)(Objection, motion for mistrial denied - p.9 line 22)

Initially, the Court notes that the defense failed to object to these remarks contemporaneously nor did the defense seek a curative instruction at the time. Therefore, the Court has reviewed the remarks pursuant to the plain error standard. **United States v. Smith**, 918 F.2d 1551, 1563 (11th Cir. 1990) ("When there is no objection and the remark is not so grossly prejudicial that it cannot be remedied by an objection or instruction, the challenged prosecutorial statement is reviewed under the lenient plain error standard"). See also, **United States v. Hall**, 314 F.3d 565 (11th Cir 2002) (where comment that defense attorney's summation was a "damn lie" that made prosecutor "mad" was found not to be plain error).

The Court has reviewed the statements and find that, when considered in full context of the rebuttal closing argument, they were not improper but, even if they were found to be improper, there is not a reasonable probability that, but for the offending remarks, the defendant would not have been convicted . Calderon, at 1335. The Court cannot find that the remarks at issue constitute misconduct so pervasive "as to permeate the entire atmosphere of the trial. Calderon, at 1314. The Court adopts by reference herein the government's response, pages 5 to 8, as they relate to this issue. Accordingly, it is

**ORDERED** that the motion for new trial (Docket No. 322) be **denied**.

**DONE AND ORDERED** in Chambers in Tampa, Florida this 6th day of December, 2005.




Copies furnished to: All Counsel of Record