UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE T. PAIGE,

v.                                                 Case No. 8:02-cr-508-T-17MSS
                                                            8:08-cv-1945-T-17MSS

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant Andre T. Paige's motion to vacate, set

aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (D-cv-1; D-

372). A review of the record demonstrates that the motion to vacate must be denied.

PROCEDURAL HISTORY

In September 2004, a federal grand jury in Tampa, Florida, returned a third

superseding indictment charging Andre T. Paige with the following offenses: in Count One

with violent crime in aid of racketeering activity, in violation of 18 U.S.C. §§ 1959(a)(1) and

2; in Count Two with aiding and abetting another who murdered a person with the intent

of preventing that person from communicating to a law enforcement officer or judge of the

United States information relating to federal offenses, in violation of 18 U.S.C. §§

1512(a)(1)(C), 1512(a)(3)(A) and 2; in Count Three with aiding and abetting another who

carried a firearm during and in relation to a federal crime of violence and in the course

thereof used the firearm to cause a person's death by murder, in violation of 18 U.S.C. §§

924(c)(1), 924(j)(1), and 2; in Count Four with conspiracy to affect interstate commerce by

robbery, in violation of 18 U.S.C. §§ 1951 and 2; in Counts Five, Seven, and Nine with

aiding and abetting another to affect interstate commerce by robbery, in violation of 18

U.S.C. §§ 1951 and 2; in Counts Six and Ten with aiding and abetting another who carried a firearm that was discharged during the commission of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(iii) and 2; and, in Count Eight with aiding and abetting another who carried a firearm that was brandished during the commission of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(ii) and 2. D-130. Following a ten-day trial, the jury found Paige guilty on all counts of the third superseding indictment. D-298.

On January 27, 2006, this Court sentenced Paige to life imprisonment as to Counts One, Two, and Three, and to 240 months' incarceration on each of Counts Four, Five, Seven and Nine, all to run concurrently, and, to 120 months' incarceration on Count Six and 300 month's incarceration on Counts Eight and Ten, all to run consecutively to the sentences imposed on all other counts, for a total effective term of life imprisonment plus 720 months' incarceration. D-341. This Court also sentenced Paige to sixty months' supervised release on Counts One, Two, Three, Six, Eight, and Ten, and to thirty-six months' supervised release on Counts Four, Five, Seven, and Nine, all such terms to run concurrently. D- 341. In addition, this Court ordered Paige to pay $8007 in restitution. D-341.

Paige directly appealed his conviction and sentence, D-342, arguing that this Court "erred in denying his motion to suppress (1) pre-arrest statements made in March 2002; (2) post-arrest statements made in December 2002; and (3) grand jury and trial testimony given in 2003 in a case against Jeffrey Bouyie." *United States v. Paige,* 241 Fed. App'x 620, 621 (11th Cir. 2007); see also D-367. Paige also challenged the sufficiency of the evidence as to the aiding and abetting a murder to prevent the communication of

information about a federal offense to a law enforcement officer or judge charge. *Paige*, 241 Fed. App'x at 624-25. The Eleventh Circuit upheld this Court's ruling that the pre-arrest statements were voluntary admissions under the totality of the circumstances and *Miranda*; in addition, the Court found the post-arrest statements were also voluntary under *Miranda*. *Paige,* 241 Fed. App'x at 622-23. The Eleventh Circuit, in examining Paige's grand jury and trial testimony and his claim that his attorney's "representation of him during this time was so deficient that he essentially was unrepresented and that the government violated due process by obtaining incriminating statements from his testimony" found his arguments similarly unpersuasive and upheld this Court's denial of his motion to suppress his testimony on this basis also. *Paige*, 241 Fed. App'x at 623-24. Finally, the Eleventh Circuit held that the evidence presented at trial was sufficient. *Paige,* 241 Fed. App'x at 624-25. (Appellate Briefs attached to D-cv-9 as Exhibits A, B, and C.) Following the affirmance of his conviction, Paige did not seek further review.

The instant motion, filed on September 29, 2008 followed.[1] Paige's claims are: 1) prosecutorial misconduct (Ground One, D-cv-1 at 4); 2) ineffective assistance due to counsel's failure to be debriefed "absent a plea agreement" (Ground Two, D-cv-1 at 5); 3) ineffective assistance due to counsel's "allowing defendant to go infornt [sic] of a grand jury without a plea agreement" (Ground Three, D-cv-1 at 7); 4) ineffective assistance due to counsel's "allowing defendant to testify at trial without a plea agreement" (Ground Four, D-cv-1 at 8); 5) ineffective assistance due to counsel's alleged failure "to petition the Supreme Court for certiorari when requested and/or advise [Paige] of the right to petition

---

[1] The Court ordered the government to respond, and allowed Paige 25 days after the response to file a reply.  Paige did not file a reply to the response.

3

the Supreme Court" (Ground Five, D-cv-1 at 14); 6) this Court "lack[s] jurisdiction in this case" (Ground Six, D-cv-1 at 14); 7) ineffective assistance due to counsel's failure to subpoena a "forensic chemist" whose report classified the victim's death as a suicide (Ground Seven, D-cv-1 at 14); 8) ineffective assistance due to counsel's misleading Paige to believe he had immunity to testify before the grand jury (Ground Eight, D-cv-1 at 14); and 9) ineffective assistance due to counsel's failure to file a motion for clarification of the indictment as "duplicitous" (Ground Nine, D-cv-1 at 13).

## FACTUAL BACKGROUND

Paige's conviction stems from a conspiracy involving various crimes of violence including *Hobbs* Act robberies, which culminate in a violent crime in aid of racketeering activity resulting in the death of Haines City Police Officer Christopher Horner.

## PRIOR RESOLUTION

Paige argues that he is entitled to a new trial so that he can plea anew based on the following grounds: 1) prosecutorial misconduct (Ground One, D-cv-1 at 4); 2) ineffective assistance due to counsel's failure to be debriefed "absent a plea agreement" (Ground Two, D-cv- 1 at 5); 3) ineffective assistance due to counsel's "allowing defendant to go infornt [sic] of a grand jury without a plea agreement" (Ground Three, D-cv-1 at 7); 4) ineffective assistance due to counsel's "allowing defendant to testify at trial without a plea agreement" (Ground Four, D-cv- 1 at 8); and 5) ineffective assistance due to counsel's misleading Paige to believe he had immunity to testify before the grand jury (Ground Eight, D-cv-1 at 14). Paige's current claims essentially restate arguments he made on direct appeal alleging that his counsel's "representation of him during this time was so deficient that he essentially was unrepresented and that the government violated due process by

obtaining incriminating statements from him during his testimony." Exhibit A at 25-28;
*Paige,* 241 Fed. App'x at 623. However, on direct appeal, the Eleventh Circuit already has
rejected Paige's challenge to the testimony he gave at the grand jury and at Bouyie's trial.
*Paige*, 241 Fed. App'x at 623-24. The law is well settled that Paige, therefore, is
procedurally barred from relitigating this challenge in a section 2255 motion. *See Davis v.*
*United States*, 417 U.S. 333 (1974) (claims raised and disposed of in a previous appeal are
procedurally barred); *United States v. United States Smelting Refining & Mining Co.*, 339
U.S. 186, 198 (1950) ("[W]hen an issue is once litigated and decided, that should be the
end of the matter."); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once
a matter has been decided adversely to a defendant on direct appeal, it cannot be
re-litigated in a collateral attack under section 2255."); *United States v. Hobson*, 825 F.2d
364, 366 (11th Cir. 1987) ("[T]he law is well settled that prior consideration of a defendant's
sufficiency of evidence claim precludes further review" in a section 2255 proceeding),
*vacated on other grounds*, 492 U.S. 913 (1989); *United States v. Rowan*, 663 F.2d 1034,
1035 (11th Cir. 1981) (claims raised and disposed of in a previous appeal are precluded
from reconsideration in a § 2255 proceeding).

On direct appeal, Paige argued that his former counsel had given him "poor advice
in many areas" and accused the prosecutor of "us[ing] that to his advantage." Exhibit A at
25-26. Paige further argued "[in] this case, the prosecutor had to know that the
representation of Ms. Meeks was so poor that Mr. Paige was in fact unrepresented ."
Exhibit A at 28. Paige further claims that "due process" and his "right against
self-incrimination" were violated by this Court's allowing the grand jury and trial testimony.
Exhibit A at 28. Paige presents his argument succinctly on appeal, effectively making the

same claim he now raises in his section 2255 motion. In fact, Paige offers no additional information or argument concerning this previously litigated claim and attaches the underlying opinions as his memorandum of law. D-cv-1.[2] Nor do Paige's current claims provide any allegation that the prosecutor interfered with his right to retain and secure advice from his retained counsel and thus fail to undermine confidence in the outcome of the grand jury and trial or any resulting prejudice.[3]

Even acknowledging Paige's assertion that "in hindsight[, he] would not have given any statements because they were not in his best interest," the Eleventh Circuit held "we are not convinced that the district court erred in denying Paige's motion to suppress his testimony statements" and thus squarely rejected that precise argument as a basis for relief. *Paige,* 241 Fed. App'x at 624. In his motion, Paige's requested relief constitutes a request to plea anew (Paige requests this Court to "vacate sentence and remand for new trial giving the plaintiff a chance to enter into a plea"). D-cv-1 at 12. Entering a plea to the charges would not cast doubt on his guilt by the jury nor effectively challenge the affirmance of his conviction by the Eleventh Circuit.

Nothing in Paige's 2255 claims are different from those same arguments he raised unsuccessfully before this Court and the Eleventh Circuit, nor does Paige supply a new legal theory to support these previously litigated claims. Because there is no reasonable

---

[2]"Bad advice alone is insufficient to prove the deficient performance required for constitutionally ineffective assistance of counsel." *United States v. Collins,* No. cr-99-216-M and cv-O3-680-M, 2006 WL 840354 at *6 (W.D. Okla. Mar. 26, 2006) (citing *Hatch v. Oklahoma,* 58 F.3d 1447, 1459 (10th Cir. 1995) (for counsel's advice to be constitutionally ineffective, it must be completely unreasonable, not merely wrong).

[3] "Just as a civil litigant has no obligation to protect its adversary from an improvident choice of counsel, the prosecutor did not need to ensure that the witnesses before the grand jury obtained good advice from conflict-free counsel. The prosecutor did not hinder the defendants' choice of counsel or induce a conflict (or otherwise subvert) the counsel they chose, and the testimony the witnesses gave therefore is untainted by constitutional error." *United States v. Ramsey,* 785 F.2d 184, 193-94 (7th Cir. 1986).

probability of a different result, Paige's claims must be dismissed as previously resolved against him. *See Nyhuis*, 211 F.3d at 1343. Because Paige's arguments have already been decided, he is not entitled to further review, and Grounds One, Two, Three, Four, and Eight must be dismissed.

## COGNIZABILITY

Paige claims under Grounds One through Five and Seven through Nine of his motion that his counsel provided ineffective assistance. D-cv-1 at 4-14.[4] Ineffective assistance claims are cognizable under 28 U.S.C. § 2255. *See Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (ineffective assistance claims should be decided in section 2255 proceedings).

## PROCEDURAL DEFAULT

The section 2255 procedural default rule does not apply to ineffective assistance of counsel claims. *Massaro v. United States*, 538 U.S. 500, 502-03 (2003); *Lynn*, 365 F.3d at 1234 n.17. Accordingly, Paige's complaints are not procedurally defaulted even though they have not been raised previously.

## MERITS

Paige's remaining grounds address his contentions that his counsel was constitutionally ineffective for failing to: move to clarify the indictment; subpoena a witness, seek further review by the Supreme Court; or raise a challenge to this Court's jurisdiction. Grounds Five, Six, Seven, Nine; D-cv-1 at 13-14. None of these claims have merit. The

---

[4] Ground One does not state a constitutional ground per se but given Paige's reliance on the underlying opinions, the government assumes his brief statement relates to the previously litigated issues surrounding his grand jury and trial testimony as they relate to his claims of prosecutorial misconduct. Ground Six contains little information and will be addressed in the Merits Section below.

Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); see also *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984).Ineffectiveness of counsel may be grounds for vacating conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *See Coulter v. Herring*, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). Furthermore, "[t]he burden

of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." *Chandler*, 218 F.3d at 1313. This burden of persuasion, though not insurmountable, is a heavy one. *See id.* at 1314. "'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts "must avoid second-guessing counsel's performance." *Id.* at 1314 (quoting *Strickland*, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (quoting *Strickland*, 466 U.S. at 689-90). Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" *Id.* (quoting *Darden v. Wainwright*, 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. *See id.* at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not . . . that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." *Id.* Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." *Id.*

Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." *Id.* at 1315. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." *Id.* To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." *Id.* at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." *Id.* at 1317.

a. Undeveloped Arguments

Paige advances two scant arguments with no legal support concerning prosecutorial misconduct (Ground One, D-cv-1 at 4) and his claim that this Court lacked jurisdiction (Ground Six, D-cv-1 at 14). Paige's lack of lucidity on these points makes it difficult to determine the contours of or support for these arguments. Nevertheless, whatever the basis, his arguments fail. If it is a challenge to his suppression issues, he is procedurally barred as discussed in the Prior Resolution Section above, as the admission of Paige's grand jury and trial testimony has already been upheld by this Court and the Eleventh Circuit. As to this Court's jurisdiction, his argument lacks merit for the reasons discussed below.

Paige waived any challenge to this Court's jurisdiction over his person when he failed to assert that challenge prior to trial. An objection to the Court's jurisdiction over the person is an objection based on the institution of the prosecution that is waived if it is not affirmatively asserted. See Fed. R. Crim. P. 12(b)(3)(A); *United States v. Grote*, 632 F.2d 387, 388-89 (5th Cir. 1980); *United States v. Kahl*, 583 F.2d 1351, 1356 (5th Cir. 1978). Even if Paige had challenged personal jurisdiction prior to trial, this Court would have found against him. "A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law." *United States v. Rendon,* 354 F.3d 1320, 1326 (11th Cir. 2003). Because the indictment in this case "charged [the petitioner] with a violation of [the] law[s] of the United States, 'the district court [had] jurisdiction over the case . . . .'" *United States v. Aguilar*, 196 Fed. App'x 837, 839 (11th Cir. 2006) (per curiam) (quoting *McCoy v. United States*, 266 F.3d 1245, 1252 n.11 (11th Cir. 2001)). Accordingly, this Court gained jurisdiction over Paige's person when he

was brought before it on an indictment. Because the indictment charged a federal offense, this Court had subject matter jurisdiction. The Eleventh Circuit has held that "an indictment charging that a defendant violated a law of the United States gives the district court jurisdiction over the case and empowers it to rule on the sufficiency of the indictment." *McCoy*, 266 F.3d at 1252. As noted above, the superseding indictment charged several federal violations. D-130. All giving rise to this Court's jurisdiction as federal criminal statutes. D-130.

In any event, even if Paige's claim were not procedurally barred and lacking in merit, Paige would not be entitled to relief because his arguments are vague and completely unsupported. These claims, are little more than argument headings, and as such, are vague, conclusory, and wholly devoid of factual support. Grounds Two and Six lack specificity and must be dismissed without further consideration. *See Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient.") (citation omitted); *United States v. Jones*, 614 F.2d 80, 81-82(5th Cir. 1980) (district court justified in dismissing section 2255 movant's claims when movant presented only conclusory allegations to support claims); *Ward v. United States*, 486 F.2d 305, 306 (5th Cir. 1973) (movant not entitled to relief based on allegations that blacks had been excluded from jury because movant failed to set forth specific facts in support of these conclusory claims); see also *Iacovetti v. United States*, 534 F.2d 1189, 1190-91 (5th Cir. 1976) (movant's contention that United States acted wrongly in suppressing evidence was conclusory and unsupported by any factual basis and, therefore, did not warrant evidentiary hearing). Accordingly Paige is not entitled to any relief.

b. Duplicitous Claim

Paige claims ineffective assistance due to counsel's failure to file a motion for clarification of the indictment as "duplicitous" (Ground Nine, D-cv-1 at 13). Paige claims that counsel's failure to challenge Counts Two, Four, Five, Seven, and Nine as duplicitous in a pretrial motion or by asking for a jury instruction addressing the same was error. *Id.* The superseding indictment sufficiently notified Paige of the charges against him, properly joining offenses that must be indicted and prosecuted separately, and was not duplicitous as each count charged a separate, discrete offense.

Paige's argument is difficult to discern as he describes the duplicitous charges as needing to be "kept separate or else we are going to have ambiguity in the verdict." *Id.* An indictment is duplicitous when charging two substantive offenses involving separate and distinct crimes within a single count. *United States v. Burton*, 871 F.2d 1566, 1573 (11thCir. 1989). Multiplicity is the charging of a single offense in more than one count. *United States v. Bonavia*, 927 F.2d 565, 568 (11th Cir. 1991). Each of the counts required some proof that the others did not; thus, they were not multiplicatus. Further, the challenged counts were not duplicitous because each count charged one crime.

Because each of the substantive charges involve separate acts, and because a *Hobbs Act* conspiracy is a separate crime from the completed offense, Paige's counsel properly refrained from asserting that the Superseding Indictment was faulty in any respect. See *Iannelli v. United States*, 420 U.S. 770, 777 (1975). Therefore, Paige's counsel rendered reasonably professional assistance, and Paige cannot show that he suffered any prejudice from his counsel's alleged unprofessional errors. *See Strickland*, 466 U.S. at 687, 694.

Paige similarly fails to identify what "jury instruction to keep all matters separate"

should have been given, fails to establish that "ambiguity in the verdict" occurred, or identify any specific prejudice he suffered due to these alleged failures on counsel's part. *Id.* Paige merely asserts that he was prejudiced because counsel's ineffectiveness led the jury to be "confused." D-cv-1 at 13. This general, speculative assertion is insufficient to establish prejudice. *See Strickland*, 466 U.S. at 697. Paige has not shown that any duplicity affected the outcome of his trial. Vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). This claim exemplifies such a vague, conclusory, speculative, and unsupported claim. Accordingly, Paige is not entitled to any relief.

c. Alleged Trial Error

Paige claims ineffective assistance due to counsel's failure to subpoena a "forensic chemist" whose report that Paige claims classified the victim's death as a "suicide" (Ground Seven, D-cv-1 at 14); Paige does not claim that he asked counsel to call such a witness at trial and counsel refused. Nor does Paige provide any identifying information concerning this "forensic chemist's" name or the substance of his testimony other than suggesting that Officer Horner committed suicide. Paige's claim is vague, conclusory, speculative, and unsupportable. Even if the Court were to believe his contention, it lacks merit and must be denied.

In addition to pursuing a particular line of defense, counsel's failure to call particular witnesses which the defendant thinks would be helpful is generally not considered ineffective assistance of counsel. *See Hardwick v. Crosby*, 320 F. 3d 1127, 1161 (11th Cir. 2003). Instead this is regarded as a tactical decision. *Id.* When counsel believes that a witness will not be helpful to the case, no requirement exists that counsel must call the

particular witness. *See Tompkins v. Moore*, 193 F.3d 1237, 1334 (11th Cir. 1999) (stating that counsel's failure to call a witness who claimed she saw the victim alive after the State alleged the defendant killed her was not ineffective when counsel believed the witness would not make a good witness). "Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision." *Conklin v. Schofield*, 366 F. 3d 1191, 1204 (11th Cir. 2004) (quoting *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995). Therefore, appellate courts will seldom question counsel's decisions regarding which witnesses to call. *Id.* Paige is not entitled to relief on his claim that counsel rendered ineffective assistance. As the accused, Paige bears the burden of persuasion to prove that counsel's performance was deficient under an objective inquiry. *See Cronic*, 466 U.S. at 658. Paige cannot meet this heavy burden. Paige has not proven that counsel's alleged failure to call this particular witness was unreasonable. The inquiry this Court must conduct is not whether counsel's specific acts were wrong but whether some reasonable lawyer might act similarly. *Chandler,* 218 F. 3d at 1314-15 n.15. As noted in Paige's amended motion to suppress statements, counsel was aware "[t]here was a conclusion that Officer Horner committed suicide drawn by some investigating detectives." D-cr-185 at 3 n.1. The decision not to pursue the suicide theory by not calling a "forensic chemist" at trial was not unreasonable given the amount of forensic evidence establishing Officer Horner was murdered.

This Court must presume that counsel's strategy was reasonable unless Paige demonstrates that counsel's strategy was unreasonable. *See Chandler*, 218 F. 3d. at 1318. The investigation that Paige's counsel conducted and the evidence counsel chose to present were both tactical decisions made by an experienced defense counsel and were not part of an unreasonable strategy. Cross-examination to establish reasonable doubt in

the government's case is an accepted defense strategy, one that does not fall outside the wide range of professional competence. Therefore, Paige cannot meet the first prong of the *Strickland* test.

Even if Paige could establish that counsel's performance was deficient, he cannot establish the second prong of the Strickland test, that counsel's performance prejudiced him. In order to show that he was prejudiced, Paige must show that, but for, counsel's deficient performance there is a reasonable probability that the result of the proceedings would have been different. *Strickland*, 466 U.S. at 690. Paige cannot show this. The Eleventh Circuit decided that there was sufficient evidence to show that Paige was involved in the crime and nothing in the record suggests that Officer Horner's death resulted from suicide rather than homicide. *Paige*, 241 Fed. App'x at 624-25. Specifically, the Eleventh Circuit held that:

> Under 18 U.S.C. § 1512(a)(1)(C), the government must establish beyond a reasonable doubt (1) the defendant killed or attempted to kill someone; (2) with the intent; (3) to prevent his victim from reporting a federal crime to a federal official. Here, according to Gamble's testimony, Officer Horner found the group dressed in black, wearing gloves, and preparing to commit a bank robbery. The group's car contained masks as well as guns used in the group's robberies. And just before the group subdued and shot Officer Horner, Officer Horner had stated that he wanted to run a check on everyone in the group. Officer Horner also identified one of the members of the group by name.
>
> Viewing this evidence in the light most favorable to the government, a reasonable jury could find that Paige and the rest of the group killed Horner to prevent him from reporting their robbery activities.FN6 *See United States v. Veal*, 153 F.3d 1233, 1251 & n.26 (11th Cir.1998) (explaining that-in the context of 18 U.S.C. § 1512(b)(3), which prohibits, among other things, engaging in misleading conduct with the intent to prevent communication of information about a federal crime to a federal official-"it is sufficient if the misleading information is likely to be transferred to a federal agent" and noting that, about section 1512(a)(1)(C), "other circuits have concluded that possible or potential communication of information to federal authorities is

sufficient"). Paige has offered no authority stating that a conviction under 18 U.S.C. § 1512(a)(1)(C) requires knowledge of the specific crime committed or to be committed; and we affirm his conviction under section 1512(a)(1)(C).

FN6. In fact, when Gamble was asked during his testimony why the group had tried to distract Officer Horner as Fowler approached him, Gamble replied that the group's car contained drugs and other robbery tools, such as guns, and that "it would have been over with for all of us." *Id.*

While Paige suggests that counsel failed to present the "forensic chemist" as a witness, he does not substantiate how that the testimony would have changed the jury's verdict considering the overwhelming evidence presented regarding the murder of Officer Horner, nor does the appellate record suggest that the government did not meet its burden in establishing sufficiency of the evidence as to Paige's guilt. Nothing Paige now alleges calls into question the government's overwhelming evidence. When testimony would not be helpful to the defendant and no reasonable probability exists that a different outcome might result, counsel does not represent defendant ineffectively. *See Wellington v. Moore*, 314 F.3d 1256, 1262 (11th Cir. 2002) (holding that because the State's evidence was overwhelming it was not error when the defense attorney chose not to call the defendant's parents to the stand as alibi witnesses); *accord United States v. Long*, 674 F.2d 848, 855 (11th Cir. 1982) ("This Court will not second-guess tactical decisions of counsel in deciding to call certain witnesses."); *United States v. Hughes*, 635 F.2d 449, 453 (5th Cir. Unit B 1981) ("Defense counsel's failure to call certain witnesses is not sufficient grounds for a Sixth Amendment claim."). The mere suggestion that a witness exists who would conclusively determine that Officer Horner's death was a suicide is not plausible given the amount of testimony to the contrary. Therefore, no reasonable probability exists that, but for, counsel's alleged deficient performance a different outcome would have resulted.

Paige cannot establish either prong of the *Strickland* test. Counsel's performance was not unreasonable and the strategy selected did not prejudice Paige. The evidence on the record was sufficient for a jury to convict Paige and for the Eleventh Circuit to affirm his conviction. Therefore, Paige can obtain no relief on his claim that his attorney rendered constitutionally ineffective assistance at trial. *See Strickland*, 466 U.S. at 687-88, 694 (defendant must show that counsel's performance fell below an objective standard of reasonable professional assistance and that defendant was prejudiced by the deficient performance). Accordingly Paige is not entitled to any relief.

d. Alleged Appellate Error

Paige's final claim of ineffective assistance of counsel arises from appellate counsel's alleged failure "to petition the Supreme Court for certiorari when requested and/or advise [Paige] of the right to petition the Supreme Court" (Ground Five, D-cv-1 at 14). In support of this claim, Paige offers no other details nor does he state whether his request to file for certiorari was in writing or orally transmitted. Paige does not substantiate his claim by attaching a copy of his correspondence or by submitting an affidavit. Paige does not elaborate on his statement that his counsel failed to advise him of his right to petition the Supreme Court. Paige's court appointed appellate counsel did not move to withdraw after his appeal was affirmed and Paige did not file a motion to recall the mandate in his direct appeal or ask the Eleventh Circuit to appoint another counsel to assist him in preparing such a motion.[5] The record is silent as to whether Paige's counsel did inform him of the availability of, and the process for, pursuing certiorari petitions. Paige fails to clearly state

---

[5] A copy of the Eleventh Circuit docket sheet is attached to D-cv-9 as Exhibit F.

what transpired post-appeal, nor does he request specific relief. Even if this Court were to accept either of Paige's opposing allegations as true, relief pursuant to section 2255 is not available, as Paige does not have a constitutional right to the assistance of counsel in seeking discretionary review before the Supreme Court.[6] Because Paige cannot show a constitutional deprivation, *Strickland* is inapplicable. *See McGill v. United States*, No. 0:99-cr-569-CMC-9, 2006 WL 20883 at *3 (D.S.C. Jan. 25, 2006) ("Any complaint Petitioner has as to counsel's actions, therefore, is not based in the Sixth Amendment to the United States Constitution. Therefore, the ineffective assistance of counsel test elucidated in *Strickland v. Washington* (citation omitted) does not appear to be the proper standard for measuring counsel's actions in this circumstance."); see also, *Bataz-Martinez v. United States*, No. 8:07-cv-165-27EAJ (M.D. Fla. Aug. 29, 2008). (Exhibit G).

Appellate counsel vigorously sought relief for Paige before the Eleventh Circuit and following denial of his appeal, Paige provides no further details of what transpired between himself and his counsel. Paige's claim of denial of effective assistance of counsel following that appeal on Sixth Amendment grounds is not warranted. "[A] criminal defendant does not have a constitutional right to counsel to pursue discretionary . . . appeals or applications for review in [the United States Supreme Court] . . . . [Consequently, since Petitioner] had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely." *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citing *Torna* for the proposition that "where there is no constitutional right to counsel there

---

[6] Ross v. Moffitt, 417 U.S. 600, 616-17 (1974).

can be no deprivation of effective assistance" ).

Within the circuits, a split of authority exists on this issue. *Compare Pena v. United States*, 534 F.3d 92 (2d Cir.), *cert. denied*, 129 S. Ct. 424 (2008) and *Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002); *Miller v. Keeney*, 882 F.2d 1428, 1432 (9th Cir. 1989). The government recognizes the "strong interest in ensuring that lawyers appointed to aid indigents discharge their responsibilities fairly." *Wilkins v. United States*, 441 U.S. 468, 470 (1979). When the failure by CJA counsel to meet his or her responsibilities under the circuit's CJA plan deprives a defendant of the opportunity to file a petition for certiorari with the Supreme Court, it may be appropriate for circuit courts to exercise their discretionary authority to recall and reissue the mandate to provide the defendant a renewed opportunity to seek review before the Supreme Court.[7] *See United States v. Howell*, 37 F.3d 1207, 1210 (7th Cir. 1994). "This remedy is, of course, an unusual one that is used sparingly and only in extraordinary circumstances." *United States v. Nnebe*, 534 F.3d 87, 90 (2d Cir. 2008) (citations omitted).

Paige's claim of ineffective assistance of counsel, based on counsel's failure to file a petition for certiorari with the Supreme Court or advise Paige of his right to do so fails as a requested ground for relief in a section 2255 motion. Paige does not have a Sixth Amendment right to counsel to pursue discretionary review in the Supreme Court. Absent a Sixth Amendment right to counsel, there can be no claim that counsel's performance was ineffective under *Strickland.* Accordingly Paige is not entitled to any relief.

---

[7] The *Wilkins* remedy stems from appointed counsel's duties under CJA plans, and not from any constitutional right to effective assistance in seeking discretionary relief before the Supreme Court. *See Austin v. United States*, 513 U.S. 5 (1994).

STATEMENT ON NEED FOR AN EVIDENTIARY HEARING

Paige is not entitled to an evidentiary hearing. A petitioner has the burden of establishing the need for an evidentiary hearing, *see Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc), and he would be entitled to a hearing only if his allegations, if proved, would establish his right to collateral relief, *see Townsend v. Sain*, 372 U.S. 293, 307 (1963). "Under Rules Governing Section 2255 Cases, Rule 4(b), a district court faced with a 2255 motion may make an order for its summary dismissal "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. foll. 2255). Accordingly, no hearing is required when the record establishes that a section 2255 claim lacks merit, *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted *see McCleskey v. Zant,* 499 U.S. 467, 494 (1991). Paige has not established any basis for an evidentiary hearing because the issues he raises procedurally defaulted and lack merit.

Accordingly, the Court orders:

That Andre Paige's motion to vacate (D-cv-1; cr-372) is denied. The Clerk is directed to enter judgment against Paige in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant

has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 16, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: James A. Muench
Andre T. Paige, Pro se